LICHTENSTEIN *et al. v.* GOLDSMITH.

*(Circuit Court, D. Massachusetts.* January 23, 1889.)

**1. TRADE-MARKS—WHAT WILL BE PROTECTED.**
 A label consisting of the head of an elk, with the word "Elk" printed in large letters upon the face of the label, together with the words printed on it, "Patented by the Elk Cigar Factory, June 15, 1875," sufficiently indicates origin and ownership, to be a valid trade-mark, when applied to a box of cigars, which is also stamped with the district in which the cigars are manufactured.[1]

**2. SAME.**
 The fact that the owner of the trade-mark also allows the boxes to be labeled with the names of the dealers to whom the cigars are sold, does not amount to a deception or false representation, so as to invalidate the trade-mark.

**3. SAME.**
 The fact that such labels are put on different brands of cigars is also immaterial, it appearing that these brands are designated by something which distinguishes one from another, so that no deception is practiced.

In Equity. Bill for infringement of trade-mark.
*George L. Huntress,* for complainants.
*Edward H. Pierce,* for defendant.

COLT, J. The complainants are the owners of a trade-mark consisting of the head of an elk, with the word "Elk" printed in large letters upon the face of the label, and this mark has been used by them for a number of years upon boxes of cigars. The defendant brands certain boxes of cigars made by him with substantially the same device. In view of the close identity of the two devices, the defendant cannot deny infringement, but he places his defense on other grounds. I will consider those which are most important.

It is said that the trade-mark is invalid because it does not designate origin or ownership. This is manifestly unsound. The original design contained the letters "A. L. & Bro.," standing for A. Lichtenstein & Brother, and, as now used, it has the words printed on it, "Patented by the Elk Cigar Factory, June 15, 1875." There is also stamped upon the box the district in New York in which the factory is located. Since 1875 these cigars of the Elk brands have been made by A. Lichtenstein & Bro., or their successors, A. Lichtenstein, Son & Co., and their factory has been known as the "Elk Cigar Factory." It seems to me that the trade-mark sufficiently indicates origin and ownership.

Again, it is said that the complainants deceive the public, in that they allow the boxes to be labeled with the names of dealers to whom the cigars are sold, or for whom they are made. But this is shown to be a custom in the cigar trade, and I do not think it results in any deception or false representation. All these cigars are in fact made at the Elk Factory, and they are so stamped, and when the public buy them, they are

---

[1] Concerning what will be protected as a trade-mark, see Manufacturing Co. v. Stone Co., 35 Fed. Rep. 896, and note; Brown Chemical Co. v. Stearns, *post,* 360, and cases cited.

purchasing a genuine Elk cigar, made by these complainants; and I do not see that the additional label put on the box in accordance with a custom of the trade is in any just sense such a false representation as should invalidate the trade-mark.

It is further urged as a defense that the complainants make different brands of cigars, all of which are called "Elk." But if, as appears, these brands are designated by something which distinguishes one from the other, then no deception is practiced. I see no reason why this trade-mark should not be used in good faith on different brands or grades of cigars all of which are made by the complainants.

The defendant also claims that the complainants gave him permission ·to use this trade-mark on the goods sold by him, but the evidence does not, in my opinion, sustain his position. This seems to me a case where the defendant has wrongfully appropriated a trade-mark belonging to others, and in none of the defenses brought forward can I find any justification for his action. Let an injunction issue as prayed for. Injunction granted